Daniel,
 

 J. In the year 1790, Giles Carter made his will and appointed Thomas Eaton his executor, who in the same year qualified as such. The testator bequeathed as follows: “All the rest of my estate I desire may be kept together for the use of my wile and four children, (named, Dolly, &c.) until the said children come of
 
 age
 
 ; when the eldest comes of age a division of the whole to be made.” The widow died in the year 1795. In the year 1803, Dolly, then sixteen or seventeen years old, married James Shearin, then about eighteen years old. James Shearin and his wife are the
 
 *283
 
 plaintiffs, and filed this bill against the executor of Thomas Eaton, in the year 1840, to recover her share of the said legacy. The plaintiffs in their bill state, that, in less than a year after their marriage, they applied to the executor for payment of their legacy; and that the executor admitted that he held property that they were entitled to, and that he would settle with them at another day, and that he in the said year purchased a horse for them as a part payment. The plaintiffs state, that the executor never settled the claim, and died in the year 1810, after making his will and appointing his son, the defendant, his executor, who qualified. The plaintiffs further state, that the present defendant frequently promised to settle and pay them their legacy, and this kept them from suing until about the year, 1839, when he told them he would not pay, and they might go to law for their legacy.— The bill prays an account, &c.
 

 The defendant in his answer' admits, that his testator, Thomas Eaton, was the executor of Giles Carter, who died in the year, 1790. He admits, that a legacy was given by Carter’s will to his daughter Dolly, as stated in the bill, and that she married James Shearin, the other plaintiff, in the year 1803, and that his, the defendant’s testator, died in the year 1810. The defendant then states in his answer, that he fully believes and therefore avers,- that, at and long before the death of the said Thomas Eaton, the whole of the.estate of Giles Carter had been settled and disposed of in a due course of administration. The defendant denies that he ever admitted or promised to pay the plaintiff’s demand_ And he insists that the claim of the plaintiff is,
 
 from the lapse of time,
 
 tobe presumed in this court to have been paid, satisfied, renounced or released; and he insists on such presumption.
 

 A replication is put in to this answer.
 

 In looking into the testimony, it appears to us that Carter’s estate was but small, (he was the overseer of Eaton,) and all his children were of tender years at the time of his death ; the plaintiff Dolly was the youngest, and possessed no means of support but in this legacy. The widow and children lived on the land of Eaton. In the year 1804, af
 
 *284
 
 ter the marriage of Dolly, it appears that a horse and some other articles for house-keeping: were advanced to, them.— The executor lived six years thereafter. The husband was of full age four years before the death of the executor — the parties all lived in the same neighborhood — the executor was a man of wealth, and in the habit of paying his debts in a reasonable time. The time, which has elapsed since 'the husband came of full age, (1806,) and before the filing of this bill, has been thirty-four years. There is nothing in the depositions, which tends to shew an admission of liability by the executor or the present defendant, from the time the husband came of age up to the bringing of this suit.— The excuses set forth in the bill for not bringing the suit sooner, viz: that the executor, and the defendant afterwards, promised them from time to time to settle, «fee. are all denied in the answer and are not supported by any proof.— The demand is stale — the executor has been dead for thirty years — and his vouchers and accounts of the estate perhaps lost and his witnesses may be dead. Does the length of time (34 years,) raise a presumption of satisfaction'? The plaintiffs insist that there is no such presumption, and rely on Tate v
 
 Greenlee ; Falls
 
 v Torrance, and
 
 Ives v Sumner.
 
 In
 
 Tate
 
 v Greenlee, 2 Hawks, 486, a case confusedly and badly reported, there was, it appears, a lapse of but 16 or IT years, after a person able to sue came into
 
 esse,
 
 before the suit was commenced. Miss Bowman, the legatee, was an infant without guardian. She married William Tate when she was under age — filteen years thereafter he commenced the suit again’st the administrator of the executor of his wife’s father for her legacy, the executor having been then dead but two years — Tate died a short time thereafter. The report states, that, the first moment the wife became a free agent, she made herself a party to the suit. On a motion to dismiss the bill, without reading the answer or the proofs, the court refused the motion, but proceeded to the hearing of the cause. In
 
 Falls
 
 v
 
 Torrance,
 
 2 Hawks, 490, the bill stated, that the defendant had by his
 
 declarations
 
 induced a belief that he did not contest the complainant’s right to the property. Under this circumstance, the court refused a mo-
 
 *285
 
 .ion to
 
 dismiss
 
 the bill before answer and a hearing, although thirty-five years had elapsed. If the allegation in the was true, it repelled the presumption of satisfaction or abandonment. In the case of
 
 Ives v Sumner,
 
 1 Dev. Eq. Rep. 338, the legatee was an infant, and she married John Sutton in the year 1805. She and her second husband filed the bill against the executor of her father for the legacy, in the year 1825, after a lapse of twenty years from the first marriage, when, and during all the said time, suit might have been commenced against the executor. The court, in giving the opinion, say : “ After such a lapse of time, although it forms no bar to the suit, it maybe apprehended that exact justice could not be done, if the parties were to go into a settlement of their accounts. This, however, must be done, if the bond (release by John Sutton,) introduced by the defendant does not interpose a sufficient bar.” The court then proceed to discuss the question as to the validity of the release. And they finally decided the cause in favor of the defendant, on the ground that the bond, given to the executor by the first husband, operated as a release of the legacy. It is conceived, that as there was a clear ground for the court to decide the cause for the defendant on the second point in the case, the first point (lapse of time,) did not particularly exercise their judgment. Let that be as it may, the time, which had elapsed in the case now before us, was much greater, it being 34 years. During all this time, there was a person itr being (the husband) capable of commencing a suit for the legacy. This length of time, taken in connection with all the other circumstances in the case, induces us actually to believe and so to declare, that this legacy has been satisfied. See the case of
 
 Ivey
 
 v
 
 Rogers,
 
 1 Dev. Eq. Rep. 58; and
 
 Petty
 
 v
 
 Harman,
 
 Ibid, 191.
 

 The bill must be dismissed and with costs.
 

 Pee. Ouhiam. Bill dismissed with costs.